UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-64-FDW

| MARVIN W. MILLSAPS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| WENDALL HARGRAVE, | ) |  |
| Administrator, Alexander | ) |  |
| Correctional Institution, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on an initial review of Petitioner's habeas petition that was filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases.

On August 6, 2011, Petitioner was convicted in Iredell County Superior Court on one count of possession of a firearm by a convicted felon and one count of having attained the status of habitual felon. Petitioner was sentenced to a term of 88 months to 115 months' imprisonment and this judgment was affirmed in all respects on appeal. See State v. Millsaps, 731 S.E.2d 275 (N.C. Ct. App. 2012) (unpublished table decision).

On September 18, 2012, Petitioner filed a pro se § 2254 petition in this district in an effort to challenge his 2011 state convictions and the petition was denied and dismissed on July 12, 2013. Millsaps v. Smith, 5:12-cv-146-RJC (W.D.N.C. 2013), dismissed, 542 F. App'x 296 (4th Cir.), cert. denied, 134 S. Ct. 938 (2014).

Rule 4 of the Rules Governing Section 2254 Cases directs habeas courts to promptly

1

examine habeas petitions. 28 U.S.C.A. foll. § 2254. When it plainly appears from an examination of any such petition and any attached exhibits that petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner has provided no evidence that he filed such an application to proceed with a second § 2254 petition therefore this Court is without jurisdiction to consider the merits, if any, of the present habeas petition.

**IT IS, THEREFORE, ORDERED** that Petitioner's petition for a writ of habeas corpus is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 4, 2014

Frank D. Whitney
Chief United States District Judge